## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LESTER F. ANDERSON,       )
                              )
      Petitioner,         )
                              )
      v.                )     Civ. Act. No. 24-793-JLH
                              )
KATHLEEN JENNINGS, Attorney   )
General for State of Delaware, and   )
STATE OF DELAWARE,        )
                              )
      Respondents.      )

## <u>MEMORANDUM</u>

Petitioner Lester F. Anderson has filed a document titled "Motion for Mandamus to Certify Ten (10) Questions of Law Pursuant [to] 28 U.S.C. § 2403 and Fed. R. Civ. P. 5.1(a)." (D.I. 3.) Petitioner's mandamus motion asks this Court to compel the Delaware Attorney General to respond to his certification of law request that the Delaware Superior Court previously denied. (*Id.* at 1, 4.) *See State v. Anderson*, 2024 WL 1253846, at *2–3 (Del. Super. Ct. Mar. 25, 2024).

There are a number of problems with Petitioner's request. The Delaware Attorney General is not authorized to certify questions of law. *See* Del. Sup. Ct. R. 41 (identifying Delaware courts, federal courts, the United States Securities and Exchange Commission, the Highest Appellate Court of any other State, the Highest Appellate Court of any foreign country, or any foreign governmental agency regulating the public issuance or trading of securities as the entities that can certify questions of law). Even if the Court were to construe Petitioner's mandamus request as being directed to the Delaware state courts, the Court cannot grant Petitioner's request because (a) neither 28 U.S.C. § 2403(b) nor Federal Rule of Civil Procedure 5.1 create a separate cause of

action or basis for relief, *see, e.g., Brown v. Nevada*, 2024 WL 2067310, at *1 (D. Nev. Apr. 9, 2024); and (b) the Court does not have mandamus jurisdiction over a Delaware state court or state officials.[1] *See* 28 U.S.C. § 1361 (the district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (explaining that the district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

Given these circumstances, the Court will dismiss the instant mandamus petition for lack of jurisdiction.  A separate Order will be entered.

Dated:  January 30, 2025

The Honorable Jennifer L. Hall
United States District Court Judge

---

[1]The Court notes that the Superior Court did not ignore or fail to act on Petitioner's motion to certify ten questions of state law that he filed in the Superior Court.  Rather, the Superior Court denied the motion to certify after fully analyzing Petitioner's request and holding that the motion could not be granted under Delaware law.  *See Anderson*, 2024 WL 1253846, at *2–3.